IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






No. PD-1615-06






AARON GARZA VEGA, Appellant



v.



THE STATE OF TEXAS





ON THE STATE'S PETITION FOR DISCRETIONARY REVIEW


IN CAUSE NO. 13-05-007-CR FROM THE 13TH COURT OF APPEALS


HIDALGO COUNTY



 



 Holcomb, J., delivered the opinion of the Court, in which Keller, P.J.,
and Meyers, Price, Womack, Johnson, Hervey, and Cochran, JJ.,
joined. Keasler, J., concurred in the result. 



 The court of appeals held that the evidence adduced at appellant's trial was factually
insufficient to support his conviction for capital murder. We vacate and remand.

 On January 20, 2003, an Hidalgo County grand jury returned an indictment charging
appellant with one count of capital murder and one count of aggravated robbery. See Tex. Pen. Code
§§ 19.03(a)(2) & 29.03(a)(1). The named victim in each count was Ricardo Cantu. 

 On September 13, 2004, the State brought appellant to trial before a petit jury. At that trial,
the State sought to prove appellant's guilt, under both counts in the indictment, as a party under
Texas Penal Code §§ 7.02(a)(2) and 7.02(b). (1) More specifically, the State presented evidence from
which a rational factfinder could conclude that, on August 11, 2002, appellant helped plan, but did
not directly participate in, an armed robbery, and that during that armed robbery Ricardo Cantu was
shot to death. 

 At the close of the evidence at the guilt stage, the trial court charged the jury separately on
each count in the indictment. The abstract portion of each charge properly explained the law of party
liability under both § 7.02(a)(2) and § 7.02(b), but the application paragraph of each charge
erroneously applied, to the facts of the case, only the law of parties under § 7.02(a)(2).

 During closing argument at the guilt stage, the State explained to the jury that "[t]his
defendant is being charged under the law of parties." The State then proceeded to explain in detail
the law of party liability under both § 7.02(a)(2) and § 7.02(b). 

 The jury, after deliberating, returned a general verdict of "guilty" on each count. Because
the State did not seek the death penalty, the trial court assessed appellant's punishment for the capital
murder at imprisonment for life. The jury assessed his punishment for the aggravated robbery at
imprisonment for thirty years.

 On direct appeal, appellant brought three points of error. In his first point of error, he argued
that the evidence adduced at his trial was both legally (2) and factually (3) insufficient to support his
conviction for capital murder. In his second point of error, he argued that, given the facts of this
case, punishing him for both capital murder and aggravated robbery was prohibited by the Double
Jeopardy Clause of the Fifth Amendment to the United States Constitution. (4) Finally, in his third
point of error, he argued that his trial counsel rendered ineffective assistance, in violation of the
Sixth Amendment to the United States Constitution. (5)

 In its response brief, the State argued that the evidence adduced at appellant's trial was both
legally and factually sufficient to support his conviction for capital murder as a party under Texas
Penal Code §§ 7.02(a)(2) and 7.02(b). The State also argued that appellant's trial counsel did not
render ineffective assistance. Finally, the State conceded that, given the facts of this case, punishing
appellant for both capital murder and aggravated robbery was prohibited by the Double Jeopardy
Clause of the Fifth Amendment.

 The court of appeals, by a two-to-one vote, sustained, in part, appellant's first point of error
and held that the evidence adduced at his trial was factually insufficient to support his conviction for
capital murder as a party under § 7.02(a)(2). Vega v. State, 198 S.W.3d 819, 826 (Tex.App.-Corpus
Christi 2006). The court of appeals, without explanation, did not consider whether the evidence was
factually sufficient to support appellant's conviction for capital murder as a party under § 7.02(b). (6) 
Given its disposition of appellant's first point of error and given the State's concession with respect
to appellant's double-jeopardy claim, the court of appeals: (1) reversed the trial court's judgment
pertaining to appellant's capital-murder conviction, (2) declined to render judgment with respect to
the trial court's judgment pertaining to appellant's aggravated-robbery conviction, (3) remanded the
case to the trial court for a new trial, and (4) declined to reach appellant's second and third points
of error. Id. at 826-827.

 The State later filed a petition for discretionary review containing five grounds for review,
four of which we granted. (7) In its first ground for review and accompanying briefing, the State argues
that "[t]he Thirteenth Court of Appeals err[ed] by not addressing [its] argument that the evidence
was factually sufficient to support Vega's capital murder conviction as a party co-conspirator under
Section 7.02(b) of the Penal Code." Appellant argues in response that "the Court of Appeals was
correct in not addressing factual sufficiency under 7.02(b)" because the jury charge "did not include
an [application paragraph] applying . . . 7.02(b) liability to the facts [of the] case."

 An appellate court assesses the factual sufficiency of the evidence to support a conviction by
the elements of the offense as defined by the hypothetically correct jury charge for the case. Wooley
v. State, No. PD-0861-07, ___S.W.3d___, ___ (Tex.Crim.App.-June 25, 2008), slip op. at 13. 
"Such a charge [is] one that accurately sets out the law, is authorized by the indictment, does not
unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of
liability, and adequately describes the particular offense for which the defendant was tried." Malik
v. State, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997). If the hypothetically correct jury charge for
the case would authorize the jury to convict on alternative theories of liability, then the appellate
court must deem the evidence sufficient if it is sufficient under any of the theories of liability. See
Rabbani v. State, 847 S.W.2d 555, 558-559 (Tex.Crim.App. 1992); G. Dix & R. Dawson, Texas
Practice: Criminal Practice and Procedure § 31.93 (2nd ed. 2001).

 Given the nature of appellant's indictment and trial, recounted above, there is no question
that the hypothetically correct jury charge for this case would have authorized the jury to convict
appellant of capital murder as a party under Texas Penal Code § 7.02(a)(2) or § 7.02(b). Contrary
to appellant's argument here, it is irrelevant in a sufficiency review that the application paragraph
of the charge actually given erroneously applied only the law of parties under § 7.02(a)(2). Grissam
v. State, No. PD-1532-07, ___S.W.3d___, ___ (Tex.Crim.App.-Sept. 10, 2008), slip op. at 3. Thus,
the court of appeals was required to deem the evidence factually sufficient to support appellant's
conviction for capital murder if the evidence was factually sufficient under either theory of party
liability. Yet, the court of appeals deemed the evidence factually insufficient without assessing the
factual sufficiency of the evidence under § 7.02(b). In failing to do so, the court of appeals erred.
We therefore sustain the State's first ground for review. In light of our disposition of the State's first
ground for review, we dismiss the State's remaining grounds for review.

 We vacate the judgment of the court of appeals and remand the case to that court so that it
may assess the factual sufficiency of the evidence to support appellant's conviction for capital
murder as a party under § 7.02(b). If the court of appeals determines that the evidence is factually
sufficient to support appellant's conviction for capital murder as a party under § 7.02(b), then that
court will proceed to address appellant's remaining points of error.


DELIVERED OCTOBER 1, 2008

PUBLISH 
1. Texas Penal Code § 7.02 provides in relevant part:


 (a) A person is criminally responsible for an offense committed by the conduct of
another if:

 * * *


 (2) acting with intent to promote or assist the commission of the offense,
he solicits, encourages, directs, aids, or attempts to aid the other person to commit
the offense;

 * * *


 (b) If, in the attempt to carry out a conspiracy to commit one felony, another
felony is committed by one of the conspirators, all conspirators are guilty of the
felony actually committed, though having no intent to commit it, if the offense
was committed in furtherance of the unlawful purpose and was one that should
have been anticipated as a result of the carrying out of the conspiracy.


See F. Maloney, et al., Texas Criminal Practice Guide § 121.03 (2008) (discussing the law of
party liability).
2. See Griffin v. State, 614 S.W.2d 155, 159 (Tex.Crim.App. 1981) (discussing the law of
legal sufficiency).
3. See Watson v. State, 204 S.W.3d 404, 414-415 (Tex.Crim.App. 2006) (discussing and
reaffirming the law of factual sufficiency).
4. The Double Jeopardy Clause of the Fifth Amendment was made applicable to state
criminal prosecutions by the Due Process Clause of the Fourteenth Amendment. Benton v.
Maryland, 395 U.S. 784, 794 (1969).
5. The Assistance of Counsel Clause of the Sixth Amendment was made applicable to
state felony prosecutions by the Due Process Clause of the Fourteenth Amendment. Gideon v.
Wainwright, 372 U.S. 335, 342 (1963).
6. Justice Hinojosa, in dissent, argued that the evidence was factually sufficient to support
appellant's conviction of capital murder as a party under § 7.02(b) "[b]ecause appellant knew
that firearms were being used to facilitate the robbery" and "he should have anticipated that a
murder was possible." Vega v. State, 198 S.W.3d 819, 828 (Tex.App.-Corpus Christi 2006)
(Hinojosa, J., dissenting). 
7. The State's four grounds for review read as follows:


 1. "Did the Thirteenth Court of Appeals err by not addressing the State's
argument that the evidence was factually sufficient to support Vega's capital
murder conviction as a party co-conspirator under Section 7.02(b) of the Penal
Code?"

 

 2. "Did the Thirteenth Court of Appeals misapply the standard of review in its
finding of factual insufficiency under Section 7.02(a)(2)?"

 

 3. "May a court of appeals base a finding of factual insufficiency in part on
impeachment evidence?"

 

 4. "Should the absence of direct evidence of intent tip the factual sufficiency
balancing scale in favor of the appellant where circumstantial evidence and
reasonable inferences from that evidence support the guilty verdict?"